JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

BRIAN LANG MCDOWELL and
JENNIFER MCDOWELL,

      Plaintiffs,

   v.

FORD MOTOR COMPANY and DOES
1 through 10, inclusive,

      Defendants.

Case No.: SACV 16-01777-CJC(ASx)

**ORDER GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT AND REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

## I. INTRODUCTION

    Plaintiffs Brian Lang McDowell and Jennifer McDowell bring this action against Ford Motor Company ("Ford") and Does 1 through 10, inclusive, for strict product liability and negligent product liability arising from a vehicle collision.  (*See generally*

Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Before the Court is Plaintiffs' motion to allow permissive joinder of a party, for leave to file a first amended complaint, and for remand to state court.  (Dkt. 11-1 [Motion, hereinafter "Mot."].)  For the following reasons, the motion is GRANTED.[1]

## II. BACKGROUND

On September 6, 2015, Officer Brian McDowell was working as an on-duty Newport Beach Police Officer.  (Compl. ¶ 9.)  He was driving a 2014 Ford Police Interceptor Utility Vehicle (a "modified Ford Explorer") at approximately 50–55 miles per hour on his way to respond to a traffic collision when he suddenly lost consciousness.  (*Id.* ¶¶ 9, 18.)  The vehicle drifted across the center median, went over the curb, and crashed into a tree, causing Officer McDowell severe and permanent injury.  (*Id.* ¶ 9.)

Officer McDowell and his wife brought this action on August 1, 2016 in Orange County Superior Court, (*id.*), alleging that vehicle defects caused Officer McDowell's loss of consciousness, including a defective design which exposed him to vehicle exhaust that entered the passenger compartment and lead to carbon monoxide poisoning, (*see, e.g.*, *id.* ¶¶ 14–15).  Plaintiffs also allege that Ford acted in conscious disregard for the safety of users of the vehicle at issue because, among other things, Ford failed to adequately respond to numerous customer complaints of exhaust odor in the passenger compartments of Ford Explorer vehicles.  (*Id.* ¶ 20.)  These complaints were acknowledged in Ford's Technical Service Bulletins to authorized dealers (but not revealed to the general public) which suggested repairs that, according to the Complaint, were inadequate.  (*Id.* ¶¶ 21–27.)  Officer McDowell seeks damages including past and

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 23, 2017, at 1:30 p.m. is hereby vacated and off calendar.

future lost earnings and past and future pain, suffering, and emotional distress. (*Id.* ¶ 16.) Jennifer McDowell seeks damages for loss of consortium. (*Id.*) Officer McDowell filed a Workers' Compensation action concurrently with this case. (*Id.* ¶ 10.)

Ford removed the action to this Court on September 22, 2016, on the basis of diversity jurisdiction. (Dkt. 1.) Plaintiffs now seek the Court's leave to permissively join Bob Wondries Ford ("Wondries"), the car's retailer, as a defendant in this action pursuant to Federal Rule of Civil Procedure 20(a)(2), and for leave to file a first amended complaint pursuant to Rule 15(a)(2). (Mot.) Plaintiffs also assert that Wondries is a non-diverse Defendant, meaning that if the Court grants leave to amend, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(e). (*Id.* at 2.)

## III. DISCUSSION

Once the time period in which a party may amend a complaint as of right has expired, amendment is only permissible upon written consent by the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(1)–(2). Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). "[L]eave to amend should be granted with extreme liberality." *Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013) (quotation omitted).

28 U.S.C. § 1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "There are a variety of factors courts have considered while exercising their discretion under

§ 1447(e), including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction;[](5) whether the claim against the new party seems valid[;] . . . (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action." *Oum v. Rite Aid Corp.*, No. CV 087741-GHK VBKX, 2009 WL 151510, at *1 (C.D. Cal. Jan. 20, 2009). The Court considers each of these factors in turn.

As to the first factor, the parties agree that as the retailer, Wondries is not a necessary party because under California law manufacturers and retailers are jointly and severally liable in tort.[2] (Dkt. 17 [Opposition, hereinafter "Opp."] at 4; Dkt. 20 [Reply] at 3.) Regarding the second factor, they also do not appear to dispute that the two-year statute of limitations would not prevent the filing of a new action against Wondries if the Court denies joinder. (*See* Opp. at 3 n.1.) These factors weigh against joinder.

Regarding the third factor, Ford argues that Plaintiffs unreasonably delayed in bringing this motion. (Opp. at 5.) Plaintiffs identified Wondries through a CarFax Vehicle History Report generated on September 26, 2016, (Mot. at 5–6; Dkt. 11-2 [Chase Declaration, hereinafter "Chase Decl."] ¶ 5; *id.* Ex. 2), but did not file the present motion until December 20, 2016. Plaintiffs' counsel explains that they waited three months to file the motion because they needed to determine whether Officer McDowell's employer

---

[2] Plaintiffs nevertheless insist that allowing their claims against Ford and Wondries to proceed in a single action will result in "just adjudication" of the claims by promoting judicial economy and eliminating the possibility of inconsistent rulings. (Mot. at 5.) These arguments are more closely related to other factors, such as the effect of remand, and are therefore considered below.

and/or worker's compensation carrier intended to intervene in this case, which would create additional grounds for remand under 28 U.S.C. § 1445(c). (Mot. at 6; *see also* Compl. ¶ 10.) Ford argues that this additional ground for remand is irrelevant and in any event rests on pure speculation, especially because the City of Newport Beach filed a notice of lien in this case *instead* of seeking to intervene. (Opp. at 5.) However, the City of Newport Beach did not file the notice of lien until December 8, 2016, (Chase Decl. ¶ 6; *id.* Ex. 3), and Plaintiffs filed the present motion less than two weeks later, (Mot). This timeline is consistent with Plaintiffs' explanation that the delay was to assess the position of Officer McDowell's employer. Ford also points out that Plaintiffs' counsel did not run the CarFax report until September 26, 2016—almost two months after the Complaint was filed and a few days after the case was removed. (Opp. at 6.) However, Plaintiffs explain that this delay was due to an inter-office mistake whereby one attorney inadvertently instructed a paralegal to serve the Complaint before they had completed preliminary investigations. (Chase Decl. ¶ 4.) The Court finds that Plaintiffs did not unreasonably delay in bringing the motion while they were assessing all potential grounds for remand to preserve judicial resources, especially since this case is still in its infancy—no discovery has been served, no depositions have been scheduled, and the Court has not yet issued a scheduling order. (*Id.* ¶ 13.) This factor weighs in favor of joinder.

As to the fourth factor, Ford insists that joinder is sought solely to destroy diversity jurisdiction, again pointing to Plaintiffs' delays in bringing this motion and noting that the CarFax report was not generated until a few days after the case was removed to federal court. (Opp. at 6–8.) Plaintiffs, however, state that they have numerous reasons to name Wondries as a defendant. For example, since Wondries is subject to joint and several liability in this action, "Wondries' insurer may choose to tender its policy limits to settle with Plaintiffs to avoid both the risk of a trial and the large corresponding litigation expense." (Mot. at 6.) Plaintiffs also assert that in discovery they may find

additional grounds for liability against Wondries depending on its (potentially illegal) actions in response to the Technical Service Bulletins that allegedly alerted it to the design defect. (*Id.* at 7.) They also claim there is "no guarantee that Ford will remain a viable defendant" and that it may be unable to pay all the damages Plaintiffs seek if they are successful, making an additional defendant desirable. (*Id.*) While Ford is correct that Plaintiffs' arguments are largely based on speculation as to how the litigation will unfold, that does not mean they are illegitimate. The Court cannot say that Plaintiffs' request to join Wondries was solely to avoid litigating in state court. This factor also weighs in favor of joinder.

Under the fifth factor, Ford argues that the claims against Wondries, *other* than the strict liability claim, are suspect because the Technical Service Bulletin referenced in the Complaint was issued more than seven months after the vehicle at issue was sold by Wondries. (Opp. at 9–10.) However, Plaintiffs point out that the Complaint alleges that there were two Technical Service Bulletins—one of which was issued before the vehicle at issue here was sold. (*See* Reply at 4; Compl. ¶ 21.) In any event, Ford does not dispute that Plaintiffs have a viable *strict liability* claim against Wondries, (Opp. at 9–10), so this factor weighs in favor of joinder.

With regards to the sixth and eighth factors, Plaintiffs argue that they will be prejudiced if joinder is denied and they are forced to prosecute separate actions in both this court and state court involving identical facts and legal theories, since they "fully intend" to file a state court action against Wondries if this motion is denied. (Mot. at 9.) Ford argues that this added expense does not constitute prejudice, as Plaintiffs can obtain full recovery without Wondries. (Opp. at 10.) However, it appears that Ford will suffer *no* prejudice if the motion is granted and the case is remanded, especially since the case is in its infancy—Ford does not dispute this. (*See id.* at 10–11.) Even if minimally prejudicial, duplicative work and potentially inconsistent rulings are not insignificant

here. Plaintiffs' desires also promote judicial economy. Thus, these factors weigh in favor of joinder.

As to the seventh factor, Ford does not dispute that there is a close relationship between itself, the manufacturer of the car at issue, and Wondries, the retailer, who are jointly and severally liable here under the same legal theories for the same set of allegations. (*See generally id.*) This factor weights in favor of joinder.

Finally, under the ninth factor, Wondries has not received notice of the action. (*See* Opp. at 3 n.1) This factor weighs against joinder.

On the whole, most of the factors urge the Court to permit joinder and accept the First Amended Complaint. Additionally, justice and fundamental fairness would be disserved by requiring parallel and overlapping actions in state and federal courts. Therefore, the Court GRANTS Plaintiffs' motion for leave to amend the Complaint to add Wondries as a defendant in this action. Plaintiffs' proposed First Amended Complaint, (Chase Decl. Ex. 7), is DEEMED FILED. Because joinder divests the Court of diversity jurisdiction, the case is hereby REMANDED to Orange County Superior Court.[3]

//
//
//
//
//
//

---

[3] Since the Court grants Plaintiffs' request to join Wondries, which defeats the Court's diversity jurisdiction, the Court need not consider Plaintiffs' alternative bases for remand. (*See* Mot. at 9–10.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED. Plaintiffs' proposed First Amended Complaint is DEEMED FILED and the case is hereby REMANDED to Orange County Superior Court.

DATED: January 19, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE